# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KELLY VORHIS,                            :

           Plaintiff,

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.                 :

Case No. 3:09-cv-204

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

       Plaintiff brought this action pursuant to 42 U.S.C. §405(g), as incorporated into 42 U.S.C. §1383(c)(3), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

       Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict

(now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for supplemental security income SSI benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 . If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSI on August 25, 2005, alleging disability from August 25, 2005, due to ADHD (Attention Deficit Hyperactivity Disorder ), bi-polar disorder, and manic/depression. *See* Tr. 61-66; 73. Plaintiff's application was denied initially and on reconsideration. *See* Tr. 33-41. Subsequently, Administrative Law Judge Thomas R. McNichols held a hearing, (Tr. 353-94), following which he determined that Plaintiff is not disabled. (Tr. 17-27). The Appeals Council denied Plaintiff's request for review, (Tr. 5-8), and Judge McNichols' decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge McNichols found that Plaintiff has

3

severe asthma, bipolar disorder, a history of attention deficit hyperactivity disorder, post-traumatic stress disorder, and borderline intellectual functioning, but that she does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 19 ¶ 2, Tr. 21 ¶ 3). Judge McNichols found further that Plaintiff has the residual functional capacity to perform a limited range of medium work. (Tr. 23 ¶ 4). Judge McNichols then used section 203.25 of the Grid as a framework for deciding, coupled with a vocational expert's testimony, and found there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 26, ¶ 9). Judge McNichols concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 27).

In her Statement of Errors, Plaintiff challenges the Commissioner's findings only as to her alleged mental impairments. (Doc. 7). Therefore the Court will focus its review of the record on the mental health evidence.

Plaintiff received mental health treatment at Advanced Therapeutic Services from October, 2003, through June, 2008. (Tr. 269-75, 320-34). At the time Plaintiff was initially assessed, the counselor reported that Plaintiff's diagnoses were major depression and a generalized anxiety disorder. *Id.* Plaintiff was treated with monthly therapy sessions at which Plaintiff generally reported stress associated with her children and sleep problems. *Id.* Dr. Rahman, Plaintiff's treating psychiatrist, reported that Plaintiff's diagnosis was bipolar disorder. *Id.* Dr. Rahman prescribed and monitored Plaintiff's medications. *Id.*

Examining psychologist Dr. Boerger reported in January, 2006, that Plaintiff complained of a history of childhood abuse and abuse at the hands of her estranged husband and that she was experiencing flashbacks from the abuse. (Tr. 134-40). Dr. Boerger reported that Plaintiff

4

did not complete the ninth grade, was in regular classes, had normal speech, and that she had difficulty recalling dates and times in her history. *Id.* Dr. Boerger noted that Plaintiff was alert and oriented, her affect was appropriate, she could only recall one of four objects after five minutes, could perform single digit addition but was incorrect on single digit subtraction, multiplication and division, and was unable to perform Serial 7's. *Id.* Dr. Boerger also noted that Plaintiff's verbal IQ was 71, her performance IQ was 63, and her full scale IQ of 65, that her subtest scores fell primarily in the range of mild mental retardation, and that results of the Wechsler Memory Scale fell in the mild mental retardation to borderline range. *Id.* Dr. Boerger diagnosed bipolar disorder, attention-deficit/hyperactivity disorder, post-traumatic stress disorder, and borderline intellectual functioning. *Id.* Dr. Boerger assigned Plaintiff a GAF of 49. *Id.*, and concluded that Plaintiff was moderately to markedly impaired in her abilities to relate to others, including fellow workers and supervisors, understand and follow instructions, maintain attention to perform simple repetitive tasks, and withstand the stress and pressures associated with day-to-day work activity. *Id.*

The medical adviser (MA) testified at the hearing that Plaintiff's diagnoses include mental retardation, bipolar disorder, depressive symptoms, post-traumatic stress disorder, and generalized anxiety disorder. (Tr. 381-82). The MA testified that Plaintiff did not satisfy the requirements of Listing 12.05 because mental retardation was not established before the age of 22. (Tr. 382). The MA further testified that Plaintiff functioned at least within the borderline range. *Id.* The MA concurred with the mental residual functional capacity from state agency psychologist Dr. Flynn. (Tr. 383). The MA testified that Plaintiff had been compliant with medication and her symptoms were mostly controlled. (Tr. 384).

The MA also testified that, although the IQ scores of record were valid, such data did

not indicate Plaintiff met Listing 12.05 because mental retardation was not established before the age of 22, as required by the regulations, that IQ scores below 70 did not, by themselves, show mental retardation because an individual's functioning was also a requirement of the listing. (Tr. 382-87). The MA also testified that she concurred with Dr. Boerger's assessment to a degree, but that she (the MA) identified Plaintiff's limitations as moderate, rather than moderate to marked. *Id.* The MA testified further that Plaintiff should be limited to jobs involving simple, repetitive tasks with one or two-step verbal or perhaps hands-on instructions, with no written instructions or written reports, no contact with the public, and no team work. *Id.*

Plaintiff alleges in her Statement of Errors that the Commissioner erred by failing to find that she satisfies Listing 12.05C. (Doc. 7).

A claimant has the burden of proving that his or her impairments meet or equal the Listings. *Bowen v. Yuckert,* 482 U.S. 319 (1987). In order to meet the requirements of a listed impairment, the claimant must meet all of the elements of the listed impairment. *See, Hale v. Secretary of Health and Human Services,* 816 F.2d 1078, 1083 (6th Cir. 1987), *citing, King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984) (lack of evidence indicating the existence of all the requirements of Listing 1.05C provides substantial evidence to support the Secretary's finding that claimant did not meet the Listing). It is not sufficient to come close to meeting the requirements of a Listing. *Dorton v. Heckler,* 789 F.2d 363, 367 (6th Cir. 1989) (Secretary's decision affirmed where medical evidence almost establishes a disability under Listing 4.04(D)).

Listing 12.05 reads in part:

*Mental Retardation and Autism:* Mental retardation refers to a significantly sub average general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)....

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
>
> ...

20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05.

The regulations provide that a claimant will meet the listing for mental retardation only "[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph *and* one of the four sets of criteria...." *Foster v. Halter,* 279 F.3d 348 (6th Cir. 2001) (citations omitted)(emphasis in original).

First, while it is true that the record contains a valid IQ score which arguably satisfies the requirement of Listing 12.05C, none of the mental health experts of record diagnosed Plaintiff with mental retardation. Indeed, Dr. Rahman, Plaintiff's treating psychiatrist, diagnosed bipolar disorder and examining psychologist Dr. Boerger diagnosed bipolar disorder, attention-deficit/hyperactivity disorder, post-traumatic stress disorder, and borderline intellectual functioning. Further, the reviewing psychologist opined that Plaintiff functioned in the borderline range of intelligence. (Tr. 144-57). Since medical equivalence "must be supported by medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. § 416.926(b), and Plaintiff has failed to identify any medical opinion showing her impairment equaled Listing 12.05C. Plaintiff has therefore failed to carry her burden of showing equivalence to a Listing.

In addition to failing to satisfy the diagnostic description in the introductory paragraph of Listing 12.05, the record contains additional evidence which supports the Commissioner's decision that Plaintiff is not mentally retarded. The record evidence demonstrates

7

Plaintiff's impairment did not result in deficits in adaptive functioning as required for a diagnosis of mental retardation. Specifically, Plaintiff has reported that she is raising two young children, prepares the oldest child for school and assists him with homework, cares for her younger child during the day, performs a full range of household duties such as cooking, cleaning, and laundry, has a driver's license, and has worked in the past as a janitor. (Tr. 74, 85, 92, 358, 371-76) Under these circumstances, the Commissioner did not err by failing to find that Plaintiff does not satisfy Listing 12.05C or by finding that she does not have more than moderate restrictions in activities of daily living and social functioning.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff is not disabled and therefore not entitled to benefits under the Act be affirmed.

April 5, 2010.

                     *s/ Michael R. Merz*
                     United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).