IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


KELLY VORHIS,                                    :

                    Plaintiff,              :    Case No. 3:09-CV-204

       vs.                                  :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

                    Defendant.              :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#12) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT; MAKING NO FINDING AS TO PLAINTIFF'S DISABILITY
OR LACK OF SAME; AND REMANDING THE CAPTIONED CAUSE,
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER
ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION;
TERMINATION ENTRY

---

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On April 5, 2010, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #11), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon reasoning and

citations of authority set forth in the Plaintiff's Statement of Errors (Doc. #7) and in the Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Statement of Errors (Doc. #10), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence; vacating the Commissioner's finding of non-disability; making no finding on whether Plaintiff was disabled within the meaning of the Social Security Act and, accordingly, entitled to benefits thereunder; and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated and the captioned cause remanded to the Defendant Commissioner.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de

-2-

novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t

-3-

must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     While the Plaintiff's IQ scores are deemed to be valid, as conceded by the Defendant Commissioner, the Administrative Law Judge failed to consider fully her deficits in adaptive functioning.   Indeed, that hearing officer appeared to "cherry-pick" bits and pieces of the Plaintiff's testimony, as to her daily activities, Tr. at 25, rather than considering the entirety of Plaintiff's testimony.  This selective review of Plaintiff's testimony in this regard was adopted by the Magistrate Judge in upholding the Commissioner's decision of non-disability.  For example, the Administrative Law Judge relied on Plaintiff's caring for her two children, not mentioning, as did Plaintiff in her testimony, that she heavily relies on her mother to help with the raising of these children.

2.     Even if one would assume, arguendo, that Plaintiff failed to meet Listing 12.05C, the Administrative Law Judge failed to consider the full extent of Plaintiff's deficits in adaptive functioning, together with her low IQ scores, in combination with her other severe impairments found by the Administrative Law Judge, to wit:  asthma, bipolar disorder, a history of attention deficit hyperactivity disorder and post-traumatic stress disorder.

3.     Accordingly, the Commissioner's finding of non-disability is not supported by substantial evidence in the record as a whole.

4.     Although the Commissioner's decision of non-disability is not supported by substantial evidence, as set forth above, a remand for further administrative proceedings, rather than one for the payment of benefits, is proper, given that evidence of Plaintiff's disability is not overwhelming or, at the very least, strong, with contrary evidence weak.   This Court cannot conclude that all essential factual issues have been resolved by the Defendant Commissioner. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #12) are sustained.   Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Defendant Commissioner's decision that Plaintiff was not disabled; making no finding on the issue of Plaintiff's disability; and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion, to wit:

1.     The Administrative Law Judge is to re-evaluate the Plaintiff's deficits in adaptive functioning, both by reviewing the <u>entirety</u> of her testimony at the

-6-

administrative hearing and within the parameters of The **Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, DSM-IV.** Such re-evaluation is to include a further administrative hearing, at which the Plaintiff will be questioned as to the facts of her history and daily life that will support a conclusion on the presence of, and, if so, the full extent of her deficits in adaptive functioning and, in addition, a referral of the Plaintiff to a proper mental health professional who can opine on these issues.

2.     Following the steps outlined above, the Administrative Law Judge is to consider anew the question of whether Plaintiff has deficits in adaptive functioning and, if so, said hearing officer is to further consider those deficits, both in combination with each other and together with the universe of Plaintiff's severe impairments found by the Administrative Law Judge, to wit: asthma, bipolar disorder, a history of attention deficit hyperactivity disorder and post-traumatic stress disorder.

3.     The Administrative Law Judge is to take any and all other steps deemed necessary to determine whether Plaintiff is under a disability within the meaning of the Social Security Act and, therefore, entitled to benefits under said Act.

The captioned cause is hereby ordered terminated upon the docket records of

-7-

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.

September 29, 2010

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.

-8-